# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF FLORIDA

FILED BY ___ D.C.
SEP 14 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

GARRETT EVAN FELDMAN,
Plaintiff,

v.

CITY OF CORAL SPRINGS, FLORIDA; OFFICER 1175 BIAGIONI, individually; and JOHN DOE OFFICERS 1?3,

Case No. ______________________

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983, UNREASONABLE SEIZURE, FALSE ARREST, PROPERTY DEPRIVATION, AND RELATED RELIEF

Plaintiff Garrett Evan Feldman, appearing pro se, alleges as follows:

## I. PARTIES

1. Plaintiff Garrett Evan Feldman is an individual who brings this action for violations arising from his July 16, 2026 encounter with Coral Springs law-enforcement personnel.

2. Defendant City of Coral Springs, Florida is a municipal governmental entity located in Broward County, Florida and is sued to the extent municipal liability is established under federal law and for any state-law claim for which a waiver of immunity and all applicable prerequisites are satisfied.

3. Defendant Officer 1175 Biagioni was a Coral Springs law-enforcement officer involved in the events described below. He is sued in his individual capacity for damages and other relief available under federal law.

4. John Doe Officers 1–3 are Coral Springs officers or other governmental personnel whose identities and particular roles are presently unknown. Plaintiff will seek leave to substitute their true names after discovery.

## II. JURISDICTION AND VENUE

5. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 because the principal claims arise under 42 U.S.C. § 1983 and the United States Constitution.

6. The Court has authority to award appropriate relief under 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 1983.

7. Venue is proper in the Southern District of Florida because the events occurred in Broward County, Florida.

8. To the extent Plaintiff asserts Florida-law claims against the City, Plaintiff pleads them only to the extent permitted by Florida law and subject to all applicable presuit, sovereign-immunity, notice, and damages limitations.

## III. FACTUAL ALLEGATIONS

9. On or about July 16, 2026, Plaintiff was stopped and/or detained by Coral Springs law-enforcement personnel.

10. Plaintiff disputes the factual and legal basis for the traffic stop, the subsequent detention, and the arrest.

11. Plaintiff alleges that multiple officers participated in the encounter and that the sequence involving the disputed traffic enforcement continued for approximately 35 minutes. The exact sequence, identities, and actions of each officer are to be established from recordings, CAD records, citations, reports, and witness evidence.

12. Plaintiff alleges that the officers asserted or relied upon traffic infractions that Plaintiff disputes. Plaintiff requests that each alleged infraction be identified by citation number, statute or ordinance, time, location, officer, factual basis, and disposition.

13. Plaintiff alleges that the arrest was made without probable cause or other lawful basis, and that the continued seizure and detention were not supported by facts sufficient to justify the constitutional intrusion.

14. Plaintiff further disputes material statements, omissions, and/or characterizations contained in the arrest report, probable-cause affidavit, citations, or supplemental reports to the extent those statements conflict with objective evidence.

15. Plaintiff had his physical Florida driver's license before the arrest.

16. During the arrest and/or booking process, the physical driver's license was taken from Plaintiff's possession.

17. Plaintiff did not voluntarily surrender ownership of the physical license and did not authorize its permanent retention, destruction, loss, transfer, or unexplained disposition.

18. Plaintiff alleges that the license was not returned or has not been adequately accounted for. Plaintiff seeks the complete property inventory, evidence record, chain-of-custody record, and identification of every person who handled it.

19. After Plaintiff's arrest, law-enforcement personnel took physical control of Plaintiff's private vehicle.

20. Plaintiff alleges that an officer drove Plaintiff's vehicle rather than arranging for ordinary towing or another documented disposition. Plaintiff did not consent to the officer operating the vehicle.

21. Plaintiff seeks records identifying who drove the vehicle, why the vehicle was driven, the route and destination, the duration of governmental control, the vehicle's condition, any inventory, and any tow or impound decision.

22. Plaintiff was subsequently transported in a prisoner transport vehicle or transport wagon between detention facilities.

23. Plaintiff seeks the identity of the transport agency and personnel, the departure and arrival times, the facilities involved, transport logs, manifests, GPS/AVL information, vehicle video, custody-transfer records, and property-transfer records.

24. The vehicle, driver's license, booking, and transport evidence are material to determining who exercised custody or control over Plaintiff's property at each stage.

25. Plaintiff previously sought records through public-records request PRR-27933 concerning body-worn camera, dash/in-car video, 911 calls, CAD/dispatch, reports, citations, photographs, witness statements, probable-cause materials, and related records.

26. Plaintiff requests preservation of the original electronic evidence, including metadata, timestamps, audit histories, native-format information, and any subsequent corrections, supplements, replacements, or modifications.

## IV. COUNT I — 42 U.S.C. § 1983 — FOURTH AMENDMENT UNREASONABLE SEIZURE / FALSE ARREST

27. Plaintiff realleges paragraphs 1–26.

28. Defendant Biagioni and the Doe officers acted under color of state law.

29. Plaintiff was seized and arrested.

30. Plaintiff alleges that the arrest and seizure lacked probable cause and were not otherwise justified by a valid warrant or lawful exception.

31. The absence of probable cause caused Plaintiff to be subjected to loss of liberty, detention, humiliation, disruption, and other damages.

32. Each individual defendant who personally participated in or caused the unconstitutional seizure is liable to the extent established by the evidence, subject to any qualified-immunity defense that may be raised and adjudicated.

## V. COUNT II — 42 U.S.C. § 1983 — UNLAWFUL CONTINUED DETENTION

33. Plaintiff realleges paragraphs 1–32.

34. Plaintiff alleges that the detention continued beyond the point at which lawful grounds existed, or otherwise continued without adequate legal justification.

35. The exact duration and legal basis of each stage of detention will be established through arrest, booking, CAD, jail, transport, and release records.

36. Plaintiff seeks damages for the loss of liberty and other legally recoverable injuries caused by any unconstitutional detention.

## VI. COUNT III — 42 U.S.C. § 1983 — UNREASONABLE SEIZURE / RETENTION OF PROPERTY

37. Plaintiff realleges paragraphs 1–36.

38. Plaintiff alleges that his physical driver's license and/or other personal property were taken into governmental custody and were thereafter not returned or adequately accounted for.

39. Plaintiff alleges that any continued retention, loss, destruction, or disposition without lawful justification constituted an unreasonable governmental seizure or other constitutional deprivation.

40. Plaintiff seeks return of property if it remains in governmental custody and damages or other relief permitted by law for any proven unlawful deprivation.

## VII. COUNT IV — MUNICIPAL LIABILITY UNDER § 1983

41. Plaintiff realleges paragraphs 1–40.

42. Plaintiff does not seek to impose liability on the City merely because it employed the individual defendants.

43. Plaintiff alleges, to the extent supported by evidence obtained in discovery, that the constitutional violations resulted from an official policy, custom, practice, decision of a final policymaker, or legally cognizable failure to train or supervise concerning arrest procedures, documentation, property handling, vehicle handling, evidence preservation, or related conduct.

44. Plaintiff presently lacks access to many internal policies, training records, complaint histories, disciplinary records, audit records, and policymaker materials because those materials are controlled by Defendants.

45. Plaintiff therefore requests discovery concerning policies, customs, training, supervision, prior complaints, audits, corrective actions, and final-policymaker decisions relevant to the conduct alleged here, and reserves the right to amend this count when the evidence is obtained.

46. Plaintiff pleads this count in good faith and not on a respondeat-superior theory.

VIII. COUNT V ? FLORIDA PROPERTY/TORT CLAIMS TO THE EXTENT PERMITTED

47. Plaintiff realleges paragraphs 1?46.

48. Plaintiff alleges that the taking, handling, retention, loss, or unexplained disposition of his physical driver's license and any other property was wrongful to the extent established by the evidence.

49. Any state-law claim against the City is expressly subject to Florida's sovereign-immunity waiver, presuit notice requirements, limitations, and statutory damages restrictions. Plaintiff does not waive any federal claim by pleading this count.

50. Plaintiff reserves the right to amend or omit state-law claims depending on completion of applicable presuit requirements and the evidence concerning each defendant's role.

IX. DAMAGES

51. Plaintiff alleges damages including loss of liberty, disruption, expenses, loss of use or control of property, costs associated with replacing or obtaining identification, emotional and reputational harms to the extent legally recoverable, and other actual damages proven at trial.

52. Plaintiff presently estimates compensatory damages at $250,000, exclusive of any additional relief authorized by law. This figure is a pleading estimate and not a representation that every component has already been established by documentary proof.

53. Plaintiff seeks punitive damages against individual defendants only to the extent permitted by law and supported by evidence of the required culpability. Plaintiff does not seek punitive damages from the City to the extent barred by law.

X. PRESERVATION AND DISCOVERY

54. Plaintiff requests preservation of all BWC recordings, dash/in-car video, 911 calls, CAD records, dispatch and radio traffic, GPS/AVL records, reports, affidavits, citations, photographs, witness statements, property inventories, evidence logs, driver's-license records, vehicle/tow/impound records, transport logs, manifests, custody-transfer records, and electronic metadata.

55. Plaintiff requests preservation of original records and all drafts, corrections, supplements, replacements, audit histories, and metadata showing when records were created or modified.

56. Plaintiff further requests identification of every officer or employee who handled Plaintiff, Plaintiff's vehicle, Plaintiff's driver's license, or Plaintiff's property during the relevant period.

XI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment in Plaintiff's favor on all claims proven at trial;
B. Award compensatory damages in an amount to be determined by the trier of fact, presently estimated at $250,000;
C. Award punitive damages against individual defendants where authorized by law;
D. Award nominal damages where appropriate even if other damages are not proven;
E. Order such equitable or declaratory relief as is legally available and appropriate;
F. Award costs and any attorney's fees recoverable under 42 U.S.C. § 1988 if applicable;
G. Permit amendment to identify Doe defendants and refine claims after discovery; and
H. Grant such other relief as the Court deems just and proper.

H. Grant such other relief as the Court deems just and proper.

## XII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

GARRETT EVAN FELDMAN, Plaintiff Pro Se

Address: General delivery West Palm Beach FL 33416

Telephone: 305-497-2948

Email: garrett955@gmail.com

Date: 09/06/2026

GARRETT EVAN FELDMAN, Plaintiff Pro Se

Address: General Delivery West Palm Beach FL 33416

Telephone: 305-497-2948

Email: garrett955@gmail.com

Date: September 5, 2026

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
## CIVIL COVER SHEET — JS 44

| | |
|---|---|
| I(a) PLAINTIFF | GARRETT EVAN FELDMAN |
| DEFENDANTS | CITY OF CORAL SPRINGS, FLORIDA; OFFICER 1175 BIAGIONI, individually; JOHN DOE OFFICERS 1?3 |
| I(b) PLAINTIFF COUNTY | PALM BEACH |
| I(b) DEFENDANT COUNTY | BROWARD |
| I(c) ATTORNEYS | Pro Se ? Garrett Evan Feldman |
| I(d) ACTION AROSE | BROWARD |
| II. JURISDICTION | Federal Question |
| III. CITIZENSHIP | Not applicable ? federal-question jurisdiction |
| IV. NATURE OF SUIT | 440 ? Other Civil Rights |
| V. ORIGIN | 1 ? Original Proceeding |
| VI. RELATED / RE-FILED | No related or re-filed federal case identified in this packet |
| VII. CAUSE OF ACTION | 42 U.S.C. § 1983 ? Fourth Amendment unreasonable seizure / false arrest; related claims pleaded |
| ESTIMATED TRIAL | 3?5 days |
| VIII. REQUESTED | $250,000 compensatory damages; punitive damages as authorized; equitable/declaratory relief; costs |
| JURY DEMAND | YES |
| DATE | September 5, 2026 |
| SIGNATURE | GARRETT EVAN FELDMAN, Plaintiff Pro Se |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

# AO 440 — SUMMONS IN A CIVIL ACTION

GARRETT EVAN FELDMAN, Plaintiff

v.
CITY OF CORAL SPRINGS, FLORIDA; OFFICER 1175 BIAGIONI, individually; and JOHN DOE OFFICERS 1?3, Defendants

**Civil Action No.:** ______________________________

**TO:** CITY OF CORAL SPRINGS, FLORIDA
City of Coral Springs
2401 Coral Springs Drive
Coral Springs, Florida 33065

A lawsuit has been filed against you. Within 21 days after service of this summons (not counting the day you received it), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. You also must file your answer or motion with the Court.

**PLAINTIFF'S CONTACT INFORMATION**

Garrett Evan Feldman, Plaintiff Pro Se
5203 N San Andros, West Palm Beach, FL 33411
305-497-2948 | garrett955@gmail.com

**CLERK OF COURT**

Date: ________________________

________________________________________
Signature of Clerk or Deputy Clerk

*This summons is not valid for service until issued and signed by the Clerk of Court.*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

# AO 440 — SUMMONS IN A CIVIL ACTION

GARRETT EVAN FELDMAN, Plaintiff
v.
CITY OF CORAL SPRINGS, FLORIDA; OFFICER 1175 BIAGIONI, individually; and JOHN DOE OFFICERS 1?3, Defendants

Civil Action No.: ______________________________

TO: CORAL SPRINGS POLICE DEPARTMENT
2801 Coral Springs Drive
Coral Springs, Florida 33065

A lawsuit has been filed against you. Within 21 days after service of this summons (not counting the day you received it), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. You also must file your answer or motion with the Court.

PLAINTIFF'S CONTACT INFORMATION

Garrett Evan Feldman, Plaintiff Pro Se
5203 N San Andros, West Palm Beach, FL 33411
305-497-2948 | garrett955@gmail.com

CLERK OF COURT

Date: __________________________

________________________________________
Signature of Clerk or Deputy Clerk

This summons is not valid for service until issued and signed by the Clerk of Court.

CITY OF CORAL SPRINGS, FLORIDA; OFFICER 1175 BIAGIONI, individually; and JOHN DOE OFFICERS 1?3, Defendants